IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:09-CR-67-FL-1
No. 4:16-CV-144-FL

| | |
|---|---|
| ADAM CHRISTOPHER SIMPKINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255 (DE 47), which challenges petitioner's sentence in light of the Supreme Court's ruling in Johnson v. United States, 135 S. Ct. 2551 (2015). The issues raised are ripe for ruling. For the reasons that follow, the court denies petitioner's motion to vacate.

## BACKGROUND

On September 13, 2010, petitioner pleaded guilty, pursuant to a written plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. On April 29, 2011, the court sentenced petitioner to 96 months' imprisonment. Petitioner did not appeal his judgment.

On June 24, 2016, petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255, arguing that in light of Johnson, his base offense level may not be determined by reference to U.S.S.G. § 4B1.2(a)'s residual clause. On March 14, 2017, the court ordered petitioner to show cause, within thirty 30 days, why the motion to vacate should not be dismissed in light of the

Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886 (2017).[1] Petitioner failed to respond to the court's show cause order.

## COURT'S DISCUSSION

A.  Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B.  Analysis

Prior to Johnson, an offense was deemed a "violent felony" under the Armed Career Criminal Act's ("ACCA") so-called "residual clause" if it was punishable by greater than one year's imprisonment and "involve[d] conduct that present[ed] a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). In Johnson, the Supreme Court struck down the residual clause of the ACCA as unconstitutionally vague. 135 S. Ct. at 2563. In this case, petitioner relies on Johnson's reasoning to challenge application of a similar clause found in U.S.S.G. § 4B1.2(a) at the time of his sentencing. The Supreme Court recently held, however, that the Guidelines are not "amenable to a vagueness challenge." Beckles, 137 S. Ct. at 894. Thus, petitioner may not rely on

---

[1] On March 21, 2017, petitioner's appointed counsel moved to withdraw from representation, indicating she did not intend to pursue the matter further but that petitioner wanted to proceed pro se. The same day, this court granted the motion to withdraw.

Johnson's reasoning to attack the calculation of his Guidelines imprisonment range. Consequently, petitioner's motion must be denied.

C.   Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). After reviewing the claim presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court DENIES petitioner's motion to vacate (DE 47). The court also DENIES a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 8th day of May, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge